**94–652.** State v. Hayward. *Wood County*, No. 93WD009. This cause is pending before the court as a discretionary appeal and as a claimed appeal of right. Appellant filed a notice of appeal on March 28, 1994. Appellant's request for an extension of time to file a memorandum in support of jurisdiction was denied on March 30, 1994. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction in compliance with the Rules of Practice of the Supreme Court and has therefore failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective August 11, 1994.

**94–1695.** State v. Azcuy. *Franklin County*, No. 88AP–529. Appellant has filed an untimely appeal of the court of appeals' decision denying his application for delayed reconsideration and a motion for delayed appeal. This appeal involves a civil, post-conviction matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Accordingly,

IT IS ORDERED by the court, *sua sponte*, that the motion for delayed appeal be, and hereby is, stricken, effective August 11, 1994.

IT IS FURTHER ORDERED by the court, *sua sponte*, that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this cause be, and hereby is, dismissed for lack of jurisdiction.

**94–1698.** State v. Fulton. *Seneca County*, No. 13–91–30. Appellant has filed an untimely appeal of the court of appeals' decision denying his application for reopening under App.R. 26(B) and a motion for delayed appeal. This appeal involves a civil, post-conviction matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(2)(A)(4) apply. Accordingly,

IT IS ORDERED by the court, *sua sponte*, that the motion for delayed appeal be, and hereby is, stricken, effective August 11, 1994.

IT IS FURTHER ORDERED by the court, *sua sponte*, that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this cause be, and hereby is, dismissed for lack of jurisdiction.

*Tuesday, August 16, 1994*

## MISCELLANEOUS DISMISSALS

**94–1077.** State ex rel. Willbond v. Oberlin School Dist., Oberlin Bd. of Edn. *Lorain County*, No. 93CA005620. This cause is pending before the court as an appeal from the Court of Appeals for Lorain County. On May 27, 1994, the record was filed in the Supreme Court, and appellant's brief and supplement to the brief were due August 3, 1994. It appears from the records of this court that appellant has not filed a merit brief and supplement to the brief in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective August 15, 1994.